40 F.3d 474
 309 U.S.App.D.C. 218
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Shirley P. LANGEVINE, Appellant,
v.
DISTRICT OF COLUMBIA, et al.
 No. 93-7124.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 24, 1994.
 
 Before: SILBERMAN, WILLIAMS, and GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and argument of counsel. The court is satisfied, after reviewing the parties' briefs, that appropriate disposition of the case does not call for further opinion. See D.C.Cir.Rule 36(b).
 
 
 2
 For the reasons set out in the accompanying memorandum, it is
 
 
 3
 ORDERED and ADJUDGED that the order and judgment from which this appeal has been taken be reversed. It is
 
 
 4
 Further ORDERED that the case be remanded to the district court for entry of judgment according to the jury verdict except with respect to the Sec. 1983 claim against the District of Columbia, as to which the jury verdict is vacated, and for consideration of such post-judgment motions as the parties may make.
 
 
 5
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(2). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of mandate for good cause shown.
 
 ATTACHMENT
 MEMORANDUM
 
 6
 District of Columbia police officers Johnson and Kelsey stopped the appellant's car for speeding. Although the officers and the appellant gave conflicting accounts of their interactions, all agree that the officers ultimately arrested the appellant, charged her with disorderly conduct, and took her to the police station. The disorderly conduct charge was dropped, and the appellant brought this suit against the officers and the District of Columbia for common law false arrest, false imprisonment, and assault and battery, and pursuant to 42 U.S.C. Sec. 1983 for violation of her rights under the Fourth and Fifth Amendments to the Constitution of the United States. The jury found in the appellant's favor on all but the assault and battery claims, but the district court granted the appellees' motion for judgment as a matter of law.
 
 
 7
 In reviewing the entry of a judgment given as a matter of law, this court "evaluate[s] de novo whether appellant proffered sufficient evidence upon which a jury could properly base a verdict in her favor." Mackey v. United States, 8 F.3d 826, 829 (D.C.Cir.1993) (emphasis in original) (internal quotations omitted). "Because we ask the 'same question' asked by the trial court, we owe no deference to, and are not guided by, its decision." McNeal v. Hi-Lo Powered Scaffolding, Inc., 836 F.2d 637, 641 (D.C.Cir.1988). "[W]e view the evidence in the light most favorable to appellant, resolving any conflicts in her favor," and the jury's verdict must be upheld "unless the evidence, together with all inferences that can reasonably be drawn therefrom is so one-sided that reasonable men could not disagree on the verdict." Mackey, 8 F.3d at 829 (internal quotations omitted).
 
 
 8
 The only argument the appellees offer in support of the district court's judgment as a matter of law in favor of the officers is that the officers are immune to the appellant's claims. Accepting, as we must, the appellant's testimony that she did no more than calmly (albeit repeatedly) ask the officers for an explanation of why she had been stopped, we hold that even if the officers believed in good faith that the appellant was engaging in or about to engage in disorderly conduct, that belief was not objectively reasonable in light of the applicable law. See D.C.CODE ANN. Secs. 22-1107, 22-1121. Indeed, the appellees' own expert witness conceded at trial that if the appellant's version of events was accepted, then the officers could not have had a reasonable belief that she was violating the law. Consequently, we reject the officers' claim of immunity to the constitutional and common law tort claims. See Hunter v. Bryant, 112 S.Ct. 534, 537 (1991) (for immunity from Sec. 1983 suit, officer must establish that, in light of clearly established law, it was objectively reasonable to believe that arrest was lawful); Etheredge v. District of Columbia, 635 A.2d 908, 918 (for immunity from common law false imprisonment and false arrest suit officer must establish both objectively reasonable and good faith belief that arrest was lawful). We therefore reverse the judgment as a matter of law in favor of the officers.
 
 
 9
 The District of Columbia is vicariously liable for the officers' common law false arrest and false imprisonment torts. Wade v. District of Columbia, 310 A.2d 857, 860 (D.C.1973). Because the jury did not apportion its award of damages among the officers' torts, nor by the type of damage the appellant suffered, the District is liable for the entire undifferentiated amount. It is therefore immaterial whether the District is separately liable under Sec. 1983 for failing properly to train its employees. Indeed, at argument the appellant conceded that if the District is vicariously liable for the entire amount of the verdict, then her Sec. 1983 claim against the District would be of consequence only insofar as a favorable judgment would enable her to get an injunction compelling the District to train its officers in the proper enforcement of the disorderly conduct law. The appellant, however, would not have standing to seek such an injunction, see City of Los Angeles v. Lyons, 461 U.S. 95 (1982), so the question of whether the District is separately liable under Sec. 1983 for failure to train its police officers is of no moment at all in this litigation. Hence, we decline to reach this essentially constitutional issue.
 
 
 10
 The case is remanded to the district court for the entry of judgment according to the jury verdict (except with respect to the Sec. 1983 claim against the District), and for consideration of such post-judgment motions as the parties may make.